1
2
3
4
5
6        **IN THE UNITED STATES DISTRICT COURT**
7        **FOR THE DISTRICT OF ARIZONA**
8
9    Sean Alex Roundtree,                        No. CV-14-00438-PHX-NVW
10                        Plaintiff,              **ORDER**
11   v.
12   Phoenix Suns, LP, et al.,
13                        Defendants.
14
15           Before the Court is Plaintiff Sean Alex Roundtree's Application to Proceed in
16   District Court Without Prepaying Fees or Costs (Doc. 2), otherwise known as a motion
17   for leave to proceed *in forma pauperis*.  The Court will grant Roundtree's *in forma*
18   *pauperis* application and screen his complaint (Doc. 1).  Screening his complaint reveals
19   defects that require the Court to dismiss it.
20   **I.      LEGAL STANDARD**
21           Permitting Roundtree to proceed *in forma pauperis* obligates this Court to screen
22   his complaint under the following standards.
23           **A.      Screening Standard**
24           When this Court permits a party to file *in forma pauperis*, the Court "shall dismiss
25   the case at any time if the court determines" that the "allegation of poverty is untrue" or
26   that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which
27   relief may be granted," or "seeks monetary relief against a defendant who is immune
28   from such relief."  28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints."). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id*. at 1127.

### B.    Standard for Stating a Claim

A complaint must include "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(3). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

"Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). To assist litigants to understand this requirement, Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which "illustrate the simplicity and brevity that the[] rules contemplate." Fed. R. Civ. P. 84; *see also McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). An example is Form 11 (Complaint for Negligence):

1. (Statement of Jurisdiction - See Form 7).

2. On date, at place, the defendant negligently drove a motor vehicle against the plaintiff.

3. As a result, the plaintiff was physically injured, lost wages or income, suffered physical and mental pain, and incurred medical expenses of $____. Therefore, the plaintiff demands judgment against the defendant for $____, plus costs.

A plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II.    ANALYSIS

Roundtree's  313-page complaint does not provide a "short and plain statement" of his claims or "simple, concise, and direct" allegations.  Instead, Roundtree asserts forty-six causes of action against at least ninety defendants (excluding unknown Doe defendants), comprising factual allegations dating back over twenty years.  The allegations are frequently verbose, meandering, and irrelevant.  For example, three full pages of the complaint expound Defendant Jerry Colangelo's biography dating back to 1960.  Lengthy background information obfuscates the particularized facts giving rise to any alleged injuries.  Moreover, a large number of the counts in the complaint name all Defendants.  This does not put each Defendant on notice as to how its particular actions harmed Roundtree in a specific, legally cognizable way.

## III.    LEAVE TO AMEND

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed.  *See Lopez*, 203 F.3d at 1127–30.  Therefore, Roundtree will be given an opportunity, if he so chooses, to amend his complaint to make clear his allegations in short, plain statements.  In the amended complaint, Roundtree should provide only the factual allegations essential to his claims.  Further, he must specify within all counts how each individual Defendant's alleged actions harmed him.  It will not be enough simply to assert counts against "all Defendants" or large groups of Defendants without specifying the conduct of each.  Any amended complaint filed by Plaintiff must conform to the requirements of Rules 8(a) and (d)(1) of the Federal Rules of Civil Procedure.

Plaintiff is warned that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e), Rule 41(b) of the Federal Rules of Civil Procedure, or both.  *See McHenry*, 84 F.3d at 1174, 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th

Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (per curiam) (affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is granted with Plaintiff to serve process if and when he is granted leave to serve an amended complaint.

IT IS FURTHER ORDERED that Plaintiff's complaint (Doc. 1) is dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure with permission to file an amended complaint by March 25, 2014.

IT IS FURTHER ORDERED that if Plaintiff elects not to file an amended complaint by March 25, 2014, the Clerk shall dismiss this action without further order of this Court.

IT IS FURTHER ORDERED that if Plaintiff elects to file an amended complaint, the amended complaint may not be served until and unless the Court screens it pursuant to 18 U.S.C. § 1915(e)(2).

Dated this 11th day of March, 2014.

Neil V. Wake
United States District Judge